TRUTCH (PAGE v.). See Case No. 10,668.

## Case No. 14,208.

### TRYON v. WHITE.

[1 Pet. C. C. 96;[1] 1 Robb, Pat. Cas. 64.]

Circuit Court, D New Jersey.   April Term, 1815.

NONSUIT—PLEADING—PATENTS—SPECIFICATIONS—VARIANCE.

1. It is not a foundation for a nonsuit, that the declaration for an invasion of a patent right, does not lay the act complained of to be "against the form of the statute," under which the rights of plaintiff are derived. Contra formam statuti, is a matter of form, and may be cured by verdict.

[Cited in Parker v. Haworth, Case No. 10,738.]

2. When the declaration professes to set forth the specification in a patent, as part of the grant, the slightest variance is fatal, and the defendant is entitled to claim a nonsuit. In general, it is sufficient to state the grant in substance, in the declaration.

[Cited in Wilder v. McCormick, Case No. 17,-650.]

Action for violating a patent right of the plaintiff, for a machine for making combs.

After reading the pleadings, the defendant moved for a nonsuit, on the ground, that the declaration does not lay the act complained of, to be against the form of the statute, but merely claims damages at common law. 1 Com. Dig. 329; 1 Chit. Pl. 357; 2 East, 341; Wils. 599; Fessenden, Forms, 209; 3 Woodeson, 214; 4 Burrows, 2387; 5 Johns. 175; 1 Saund. 135, pt. 4; 4 Burrows, 2333, 2351. To support the practice of a motion for a nonsuit, at this stage of the cause, the counsel cited 1 Esp. 484; 2 Camp. 397; 1 Camp. 253.

On the other side, the counsel contended; that the declaration states the patent to be granted under the act of congress, and brings them into court, and also states the case, precisely within the act. Contra formam statuti, therefore, need not have been laid. Mr. Chitty gives the forms of declarations in this case, in which these words are not inserted. 1 Chit. 336.

THE COURT refused to direct a nonsuit on this ground, inclining to the opinion, that, as the case stated in the declaration, is precisely within the act of congress, to which the declaration refers; contra formam, &c. is matter of form, the want of which would be cured by verdict.

The declaration, after stating the patent, which refers to the specification, proceeds to set forth the specification verbatim; but in doing so, the word whirl in the specification, is called wheel in the declaration. The specification speaks of the wheel and the whirl, as distinct parts of the machine. For this variation, the defendant renewed his motion for a nonsuit. Bull. N. P. 6; Vin. Abr. tit. "Variance," A.

[1] [Reported by Richard Peters, Jr., Esq.]

WASHINGTON, Circuit Justice. This is an action brought upon a grant, to recover damages for the privilege secured by it. The grant refers to the specification, to explain what is granted; and, although it would have been sufficient to state in the declaration the substance of the grant, yet, when it professes to set forth the specification as a part of the grant, according to its tenor, the slightest variance is fatal.

Nonsuit directed.

A rule was afterwards granted, to show cause at the next court, why the nonsuit should not be set aside.